**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL TIRONI,

       Petitioner,                            CASE NO.  05-70702

v.                                            PAUL D. BORMAN
                                               UNITED STATES DISTRICT JUDGE

THOMAS M. BIRKETT, WARDEN,
STANDISH MAXIMUM
CORRECTIONAL FACILITY,

       Respondent.
_____/

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Petitioner Michael Tironi's Motion for a Certificate of Appealability.  Petitioner appealed this Court's March 15, 2006 Order which accepted Magistrate Judge Komives's Report and Recommendation denying Petitioner's habeas corpus petition.

"A certificate of appealability may issue under [§ 2253(c)(1)] only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2). Where a district court dismisses a petition on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. *See Murphy v. State of Ohio*, 263 F.3d 466 (6th Cir. 2001) (per curiam).  Moreover, where a Petitioner files a notice of appeal, the

Court must issue a order granting or denying a COA. *Castro v. United States*, 310 F.3d 900 (6th Cir. 2002) (per curiam).

Upon review of the record, reasonable jurists could not debate whether this Court was correct in its assessment of Petitioner's constitutional claims.  The Magistrate Judge's Opinion, which this Court accepted, thoroughly analyzed all of Petitioner's constitutional claims and found them to be without merit.  This Magistrate Judge found that: (1) any error in giving the CSC-II charge in the first trial was a matter of state law, for which habeas relief does not lie; (2) the trial court did not err by allowing evidence of other instances of sexual assault petitioner committed against other victims; and (3) Michigan's indeterminate sentencing guideline scheme does not violate the Sixth Amendment.

Accordingly, the Court DENIES Petitioner Certificate of Appealability.

**SO ORDERED.**

                                                         **s/Paul D. Borman**
**PAUL D. BORMAN**
**UNITED STATES DISTRICT JUDGE**

**Dated:  May 1, 2006**

**CERTIFICATE OF SERVICE**

**Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 1, 2006.**

                           **s/Jonie Parker**
**Case Manager**